## Lacocca v. Robbins et al.

*Charles M. Bolich*, for plaintiff.
*Butz, Steckel, Hudders & Rupp*, for defendants.

HENNINGER, P. J., June 9, 1947.—Plaintiff filed a bill in equity against above-named defendants averring that he had claims totaling over $200,000 against Robbins Homes, Inc., arising out of a housing development, that corporate defendants are all creatures of defendant John A. Robbins and that Robbins transferred property or caused it to be transferred to one or another of the corporations for his own purposes and in prejudice of plaintiff, that Robbins Homes, Inc., with whom plaintiff contracted, is insolvent and was insolvent when the said transfers were made, that Robbins Homes Company is engaged in transferring its assets; and asking for relief (*a*) enjoining defendants from transferring or encumbering assets until a receiver has been appointed, (*b*) directing restoration of assets fraudulently transferred, (*c*) auditing books of said corporations, (*d*) appointing receivers for said corporations.

All defendants filed almost identical preliminary objections. These objections as to John A. Robbins, Robbins Homes Company and John A. Robbins Co., Inc.,

are (1) individual defendant not interested in all causes of action; (2) full, complete and adequate remedy at law; (3) impertinent, irrelevant and scandalous matter in accusations of: (*a*) Robbins' manipulations, (*b*) fraudulent transfer of assets, (*c*) corporations transferring assets, (*d*) corporations, pawns of Robbins, (*e*) necessity of receiver; (4) above allegations solely for purpose of harassing defendants; (5) defendants able to meet obligations and claim of plaintiff without merit and facts do not give rise to right to receivership; (6) should not be required to answer in equity, since full denial in action at law on same grounds, and (7) facts do not give rise to relief sought. As to Robbins Homes, Inc., the first objection is omitted.

The fundamental question involved in this case is whether plaintiff's bill is to protect himself against a fraudulent transfer of defendants' property or whether it is to prevent the corporations from dissipating property so conveyed.

For a creditor to have a receiver appointed to insure collection from a corporation, he must have reduced his claim to judgment, or at the very least, the claim must be admitted. It is true that the leading case on this subject (McDougall et al. v. Huntingdon & Broad Top R. & C. Co., 294 Pa. 108, 125) uses guarded language in saying that "A simple contract creditor is *ordinarily* required to reduce his claim to judgment, and to show that this judgment cannot be collected by ordinary execution process." The case of Kornfield v. Mentor B. & L. Assn. et al., 321 Pa. 314, 319, however, clearly holds that a creditor must have reduced his claim to judgment if he wishes to apply for the appointment of a receiver for a corporation. This view is supported by section 1107 of the Business Corporation Law of May 5, 1933, P. L. 364, 15 PS §2852-1107, and by 8 Standard Pa. Practice 505, §28.

If the purpose of the action is to avoid a fraudulent conveyance, plaintiff may proceed without having reduced his claim to judgment, because the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, sec. 1, 39 PS §351, applies to debts matured, unmatured, liquidated or unliquidated, absolute, fixed or contingent, hence cannot be limited to those reduced to judgment. Under section 9 of the same act, 39 PS §359, a defrauded creditor has the election to "Have the property set aside . . . to the extent necessary to satisfy his claim".

The only instance of fraudulent conveyance given in the bills is that of a tract of 23½ acres of land between East Pennsylvania, East Columbia and east of North Sherman Street in the City of Allentown. That transfer is from Robbins Homes, Inc., to Robbins Homes Company. To proceed with the bill to avoid this one conveyance would eliminate John A. Robbins Co., Inc., as a party, but not John A. Robbins individually because of the allegation that the alleged fraudulent conveyance was his plan.

Taking the bill then as one to avoid a fraudulent conveyance, we consider the preliminary objections seriatim.

Defendant, John A. Robbins Co., Inc., has not been shown to have any interest in that cause of action and its first preliminary objection would have to be sustained. As to the others they are all interested in all of the causes.

The adequacy of a remedy at law is immaterial in a bill to avoid a fraudulent conveyance for the reasons above given. This disposes of objections 2 and 6.

The paragraphs cited as impertinent, irrelevant and scandalous are not so if the allegations are true and for the purposes of passing upon preliminary objections, we accept them as true. The same thing is true as to objection 4, that these statements are made sim-

ply to harass defendants. Objection 5 is a speaking demurrer.

The facts alleged do give rise to a cause of action to avoid a fraudulent conveyance and, therefore, preliminary objection 7 is without merit.

Since complainant has stated a cause of action, we cannot dismiss the bill, although it cannot be sustained for all the relief asked. Whether or not what remains of the bill and possibilities of relief will serve any good purpose or whether it can be amended to serve any such purpose is for complainant to decide.